IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANET AGRANOFF, on behalf of herself )
and all others similarly situated, )
                                                              )
                             Plaintiffs, )   Civil Action No.: 07 C 4933
                                                             )
v.                                                )   Suzanne B. Conlon, Judge
                                                            )
LENSCRAFTERS, INC.,               )
                                                             )
                                        Defendant. )

## MEMORANDUM OPINION AND ORDER

In this diversity case, Janet Agranoff ("Agranoff") brings a putative class action against LensCrafters, Inc. ("LensCrafters") for breach of contract (Count I) and violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act (Count II: consumer fraud; Count III: unfair and deceptive business practices) ("ICFA"). Agranoff alleges she was injured by overpaying for children's eyeglasses as a result of LensCrafters' false and misleading advertising on discounts received through her insurance provider. LensCrafters moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

## I. STANDARD OF REVIEW ON A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the complaint on the basis of a failure to state a claim on which relief can be granted. The court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in Agranoff's favor. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Agranoff need only

provide enough detail to give LensCrafters fair notice of the claim and the grounds upon which it rests, and that her allegations show a plausible basis for relief. *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1964 (further citations omitted)). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## II. BACKGROUND

Agranoff purchased eyeglasses from LensCrafters for $122.98 without tax for her daughter in October 2006. The eyeglasses were originally priced at $264.95, but Agranoff's insurance provider, Blue Cross Blue Shield of Illinois ("Blue Cross"), reimbursed $141.97 of the cost. Blue Cross insured Agranoff's family, and provided vision coverage through the Blue Cross Vision Discount Program ("the benefit plan"). LensCrafters, as a plan provider under the benefit plan, represented to customers that plan participants were entitled to discounts for children's eyeglasses.

Agranoff contends the 53.58% discount she received on her daughter's eyeglasses were a farce because the original selling price of the glasses, $264.95, was not the true regular price for children's eyeglasses. Rather, she claims children's eyeglasses (for ages 12 and under) are regularly priced at 50% off the listed price. She claims her Blue Cross discount should have been subtracted from LensCrafters' regular price of $132.48, rather than $264.95.

Agranoff purports to bring a national class action against LensCrafters on behalf of "[a]ll persons that purchased Children's Eyeglasses from LensCrafters and did not receive the agreed-upon percentage discount off the true regular price of Children's Eyeglasses," and an Illinois-

2

wide class action on behalf of "[a]ll persons who were damaged as a result of LensCrafters' deceptive or unfair practices in concealing its true regular price and failing to honor its representations to offer Children's Eyeglasses at the agreed-upon percentage discount of the true regular price." Compl. ¶ 22. She seeks damages and equitable relief to "order LensCrafters to stop falsely representing its prices, or, in the alternative, that LensCrafters sell Children's Eyeglasses at the promised for and agreed-upon discounts off the true regular price." *Id.* ¶¶ 40, 52, 62.

## III. ANALYSIS

### A. ERISA Preemption

LensCrafters contends Agranoff's state law claims are subject to dismissal because they are preempted by ERISA. ERISA includes expansive preemption provisions, which are intended to ensure that employee benefit plans regulation would be exclusively a federal concern. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *McDonald v. Household Int., Inc.*, 425 F.3d 424, 428 (7th Cir. 2005) (quotations and citations omitted). While ERISA's preemption provisions are expansive, LensCrafters bears the burden of overcoming the presumption that Congress did not intend to supplant state law. *De Buono v. NYSA-ILA Med. and Clinical Servs. Fund*, 520 U.S. 806, 814, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997) (quotations and citations omitted).

There are two ways Agranoff's state law claims may be preempted by ERISA. First, state law claims may be superseded by ERISA § 514(a), 29 U.S.C. § 1144(a). *De Buono*, 520 U.S. at 812. When a claim is superseded by § 514(a), the claim is preempted by ERISA because it impermissibly "relates to" a benefit plan. *Id*. Second, state law claims may be displaced by the

3

civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). When a claim is displaced by § 502(a), it is recharacterized as a claim arising under ERISA. Because Agranoff's breach of contract and ICFA claims relate to her ERISA benefit plan, her claims warrant dismissal under § 514(a).

Section 514(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 154, 95 L.Ed.2d 39 (1987). A state law relates to an employee benefit plan if that law has a connection with or refers to the plan. *California Div. Of Labor Standards Enforcement v. Dillingham*, 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997)); *Central States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavrioral Assocs., P.A.*, 53 F.3d 172, 174 (7th Cir. 1995). A state law may relate to a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect the plan, or if the effect is only indirect. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). A state action may not be preempted if it affects employee benefit plans in "too tenuous, remote, or peripheral a manner." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1494 (7th Cir. 1996).

Agranoff's state law claims against LensCrafters sufficiently relate to her benefit plan to warrant preemption.[1] Contrary to Agranoff's assertion that her claims only pertain to LensCrafters' fraudulent pricing scheme and have nothing to do with her benefit plan, her complaint explicitly alleges that LensCrafters' breach of contract and ICFA violations resulted in

---

[1] The parties do not dispute that Agranoff's benefit plan is governed by ERISA.

4

her not receiving an "agreed upon" or "promised" discount off the "true regular prices" of children's eyeglasses. Compl. ¶¶ 11, 21, 22, 25, 36, 40, 47, 48, 58, 61. The "agreed upon" discount invariably refers to the discount promised as a result of her participation in the Blue Cross benefit plan. This distinction is critical because, rather than fashion her alleged class to include all purchasers of children's eyeglasses, Agranoff's proposed class includes only those purchasing children's eyeglasses at an agreed-upon discount off of regular prices. *Id.* ¶¶ 22, 25. By pleading her claims in this manner, Agranoff's alleged injury is parallel to harm to the plan itself, and necessarily implicates the benefit plan. *Cf. Davis v. Smithkline Beecham Clinical Labs, Inc.*, 993 F. Supp. 897 (E.D. Pa. 1998) (state law claims brought by participants and plan against third party provider preempted under ERISA). Interpretation of the discount terms in her benefit plan, and an examination of the contractual relationship between the benefit plan and LensCrafters, are therefore necessary to adjudicate Agranoff's claims and assess her damages. This warrants preemption. *Bowles v. Quantum Chemical Co.*, 266 F.3d 622, 630-633 (7th Cir. 2001) ("ERISA will preempt a state law breach of contract claim if the claim requires the court to interpret or to apply the terms of an employee benefit plan"); *Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998); *compare Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 780 (7th Cir. 2002) (common law fraud claim not preempted where claim did not require court to interpret or apply ERISA plans' provisions).

Agranoff's allegation that her benefit plan conveyed LensCrafters' false discounts to its participants also indicates a connection between Agranoff's claims and her benefit plan. In circumstances where consumer fraud claims are based on ERISA documents themselves, preemption is appropriate under § 514(a). *Anderson v. Humana, Inc.*, 24 F.3d 889, 891 (7th Cir.

5

1994). Agranoff's request to enjoin LensCrafters from falsely advertising its discounts has a bearing on the administration of her benefit plan, which is traditionally in the realm of ERISA.

But for the existence of "agreed upon" discount terms in the benefit plan, Agranoff would not have a claim for breach of contract or consumer fraud. Preemption over Agranoff's state law claims is warranted. *See, e.g., Trainor v. SBC Servs., Inc.*, No. 04 C 779, 2004 WL 2958684, at *4 (N.D. Ill. Dec. 20, 2004) (Guzman, J.) (contract and fraud claim preempted); *Weatherly v. Ill. Bell. Telephone*, 856 F. Supp. 1301, 1304 (N.D. Ill. 1994) (Plunkett, J.) (fraud claim preempted); *Dobner v. Health Care Serv. Corp.*, No. 01 C 7968, 2002 WL 1348910, at *3 (N.D. Ill. Jun. 19, 2002) (Guzman, J.) (ICFA claim preempted); *Anderson*, 24 F.3d at 891 (ICFA claim preempted).

## IV. CONCLUSION

Agranoff's claims relate to her ERISA benefit plan. Her state law claims are therefore preempted and must be dismissed.

ENTER:

Suzanne B. Conlon
United States District Judge

December 21, 2007